**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOY HO SCHERER, | No. 23-55603 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-01931-JVS-ADS |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 25, 2024
Pasadena, California

Before: IKUTA and BRESS, Circuit Judges, and BASTIAN,** District Judge.

Plaintiff Joy Ho Scherer appeals from the district court's order granting a

motion to dismiss under Rule 12(b)(6) in favor of the City of Los Angeles and Los

Angeles Police Department officers (Wessam Ismail, Nelson Martinez, Jr., and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stanley A. Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

unknown Doe officers). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court erred in dismissing Scherer's 42 U.S.C. § 1983 claim for First Amendment retaliation.[1] Taking the facts in the light most favorable to Scherer, Officer Martinez's statement to Scherer that her attacker, Max Bravo, had the right to press charges; that if Bravo pressed charges "you're going to go [to jail]" right now; and "[t]hat's how private persons arrest works" would have chilled a person of ordinary firmness from exercising the First Amendment right to press charges. Contrary to the district court's conclusion, Scherer has plausibly alleged that Martinez's statement that Scherer would go to jail too was a threat, not a statement of law, given that Bravo had already told Officer Martinez that he did not want to press charges, and that California law requires officers to discourage the dominant aggressor (in this case, Bravo) from pressing charges, even if he had expressed a wish to do so. Cal. Penal Code § 13701(b).

Because the district court dismissed the claim based on the lack of any constitutional violation, it did not address qualified immunity. On remand, the district court may address, in the first instance, whether the officers are entitled to

---

[1] Scherer does not challenge the district court's dismissal of her substantive due process and *Monell* claims.

qualified immunity because Scherer failed to allege a violation of a "clearly

established" constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

**REVERSED** and **REMANDED.**